No. 22-3234

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

**TONYA MARIE ADAMS, Individually and on Behalf of A.H., her minor son,
Plaintiff-Appellee**,

v.

**NATHAN TRIMBLE,
Defendant-Appellant.**

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA CEDAR RAPIDS DIVISION

Honorable Magistrate Judge Mark Roberts

**APPELLANT'S PETITION FOR REHEARING EN BANC**

WILFORD H. STONE
DANIEL M. MORGAN

LYNCH DALLAS, P.C.
526 Second Ave. SE
P.O. Box 2457
Cedar Rapids, IA 52406-2457
Phone: 319.365.9101
Fax: 319.365.9512
E-Mail: wstone@lynchdallas.com
E-Mail: dmorgan@lynchdallas.com

ATTORNEYS FOR APPELLANT

## II. TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................3

II. TABLE OF AUTHORITIES ......................................................................4

III. ARGUMENT ................................................................................................5

    A. The Majority's Decision in this Matter Conflicts with *Columbia Public Schools* and *Kuha*..................................................................5

IV. CONCLUSION ..........................................................................................12

V. CERTIFICATE OF COMPLIANCE AND FILING .....................................13

# I.  INTRODUCTION AND RULE 35(b)(1) STATEMENT

Rehearing en banc is warranted because the majority decision conflicts with the 8th Circuit Court of Appeals' prior decisions in *Kuha v. City of Minnetonka*, 365 F.3d 590 (8th Cir. 2003) and *L.G. through M.G. v. Columbia Public Schools*, 990 F.3d 1145 (8th Cir. 2021).  The dissenting opinion notes that the majority's decision requires that each police officer using a canine is constitutionally required to personally deliver a warning beyond those of other officers, or verify that the warning was in fact heard by the suspect. No previous cases have established these requirements.   The full court's consideration is necessary to secure and maintain uniformity of the court's decisions and ensure that law enforcement canine officers are not being held to an unworkable standard.

# II. TABLE OF AUTHORITIES

*FEDERAL CASES*

*Adams v. City of Cedar Rapids*, --- F.4th ---, 2023 WL 4697229 (8th Cir., July 24, 2023) ................................................................................................................6

*Anderson v. Creighton*, 483 U.S. 635 (1987) ............................................................8

*Boudoin v. Harsson*, 962 F.3d 1034 (8th Cir. 2020) ..................................................5

*Cole Estate of Richards v. Hutchins*, 959 F.3d 1127 (8th Cir. 2020) ........................ 9

*District of Columbia v. Wesby*, 583 U.S. ___, 138 S. Ct. 577 (2018) ................6, 11

*Ehlers v. City of Rapid City*, 846 F.3d 1002 (8th Cir. 2017) .....................................8

*Ford v. Childers*, 855 F.2d 1271 (7th Cir. 1988) ...................................................... 9

*Harlowe v. Fitzgerald*, 457 U.S. 800, 815-820 (1982) .............................................. 8

*Kuha v. City of Minnetonka*, 365 F.3d 590 (8th Cir. 2003) ................................*passim*

*L.G. through M.G. v. Columbia Public Schools*, 990 F.3d 1145 (8th Cir. 2023)...... 2, 5

*Liggins v. Cohen*, 971 F.3d 798 (8th Cir. 2020).......................................................10

*Loch v. City of Litchfield*, 689 F.3d 961 (8th Cir. 2012) ...........................................8

*Malone v. Hinman*, 847 F.3d 949 (8th Cir. 2017) .................................................... 9

*Reichle v. Howards*, 566 U.S. 658 (2012).................................................................11

*Szabla v. City of Brooklyn Park*, 486 F.3d 385 (8th Cir. 2007) ................................ 6

## III. ARGUMENT

**A. The Majority's Decision in this Matter Conflicts with *Columbia Public Schools* and *Kuha*.**

In *L.G. through M.G. v. Columbia Public Schools*, this Court was asked to apply the familiar qualified immunity analysis to a case involving a minor student who was interrogated by law enforcement in a school office. 990 F.3d 1145, 1147 (8th Cir. 2021). The court specified three different ways for a plaintiff to show a law to be "clearly established" for the purpose of qualified immunity:

> She may identify existing circuit precedent involving sufficiently similar facts that squarely governs the situation. Or a plaintiff may point to "a robust consensus of cases of persuasive authority" establishing that the facts of her case make out a violation of clearly established right. Finally, a plaintiff may show, in rare instances, that a general constitutional rule applies with "obvious clarity" to the facts at issue and carries the day for her.

Id. (citations omitted). The Court also reiterated the principle that the "heart of these approaches is that state actors are liable only for transgressing bright lines, not for making bad guesses in gray areas. *Id*. at 1148 (citing *Boudoin v. Harsson*, 962 F.3d 1034, 1040 (8th Cir. 2020)).

The Court then turned to the specific issue of whether existing circuit precedent squarely governed the outcome of *Columbia Public Schools*. *Id*. The district court in *Columbia Public Schools* found that it was clearly established that a person has a right not be arrested without probable case and therefore the officer

5

Appellate Case: 22-3234     Page: 5     Date Filed: 08/03/2023 Entry ID: 5302798

involved was not entitled to qualified immunity. *Id*. Although the 8th Circuit Court of Appeals acknowledged the truth of this general statement, it found that the district court defined the right at issue too broadly to satisfy the clearly established standard.

> But the Supreme Court has frequently cautioned lower courts of late not to define rights at issue "at a high level of generality" because that "avoids the crucial question whether the official acted reasonably in the particular circumstances." The right must be described with a "high degree of specificity" to take into account the particular circumstances that the officer faced. Specificity is "especially important in the Fourth Amendment context."

*Id*. (internal citations omitted, quoting *District of Columbia v. Wesby*, 138 S. Ct. 577, 590 (2018)). Based on its prior precedent and the United States Supreme Court's words of caution in *Wesby*, the 8th Circuit Court of Appeals ultimately held that there was insufficient circuit precedent to put the defendant officer on notice that he was violating a clearly established right of the Plaintiff.

Much like the district court in *Columbia Public Schools*, the majority in this case lost sight of the Supreme Court's warning in *Wesby* by defining the right at issue too generally, thereby failing to accurately answer whether Officer Trimble acted reasonably in light of the particular circumstances he faced on August 12, 2020. Following this Court's opinion in *Kuha v. City of Minnetonka*, it was clearly established that when police deploy a canine officer trained to bite and hold, a suspect must be given a warning and opportunity to surrender. 365 F.3d 590 (8th Cir. 2003), *abrogated on other grounds by Szabla v. City of Brooklyn Park*, 486 F.3d

6

385 (8th Cir. 2007) (en banc). It is undisputed in this case that four (4) different K9 warnings were given by CRPD officers within the limited search area and that reasonable time was provided to give suspects the opportunity to surrender. Officer Trimble and the other CRPD officers involved with the search on August 12, 2020, complied with *Kuha*'s requirements.

Nevertheless, the majority denied qualified immunity to Officer Trimble for two reasons, neither of which is clearly established in this Circuit. First, the majority decided that there was a fact question as to whether Plaintiff/Appellee A.H. actually *heard* the K9 warnings which were broadcast by multiple police officers over an electronically amplified public address system. *Adams v. City of Cedar Rapids*, --- F.4th ---, 2023 WL 4697229,*2 (8th Cir., July 24, 2023). Next, the majority decided that *Kuha* put Officer Trimble sufficiently on notice that he was required to give a *personal* K9 warning before beginning an area search for potentially armed suspects. *Id*. at *3 (emphasis added). The majority found that Officer Trimble could not rely on the amplified K9 announcements of other law enforcement officers in the same search area. *Id*. In his dissenting opinion, Circuit Judge Grasz correctly notes that the majority opinion relies on two flawed legal suppositions:

> (1) our precedent imposes a subjective standard for canine warnings, rather than an objective standard; and (2) our precedent clearly establishes this subjective standard providing Officer Trimble with notice he must personally deliver a warning that is heard by the suspect, and he cannot rely on amplified warnings by other officers in the same search area that would reasonably be heard by the suspect.

7

*Id*. at *4. If these flawed suppositions are permitted to become binding precedent, they risk taking this Court down a path inconsistent with its prior opinions as well as causing a serious and unworkable upheaval in qualified immunity analysis.

The objective reasonableness standard has always been the lodestar principle in both the Fourth Amendment and qualified immunity analysis. This Court, its sister circuits, and the United States Supreme Court have repeatedly rejected efforts by plaintiffs to incorporate a subjective test into the qualified immunity analysis. *See Anderson v. Creighton*, 483 U.S. 635, 641 (1987) (referencing *Harlow v. Fitzgerald*, 457 U.S. 800, 815-820 (1982)); *Ehlers v. City of Rapid City,* 846 F.3d 1002, 1011 (8th Cir. 2017) ("[A]n arrestee's subjective motive does not bear on how reasonable officers would have interpreted his behavior."); *Loch v. City of Litchfield*, 689 F.3d 961, 966 (8th Cir. 2012) ("An act taken based on a mistaken perception or belief, if objectively reasonable, does not violate the Fourth Amendment.").

Unfortunately, the majority's opinion in this case creates a new subjective standard for K9 warnings that is wholly at odds with prior precedent such as *Kuha.* It also creates an unworkable standard for law enforcement officers which virtually guarantees that all future cases involving canine officers will survive summary judgment on qualified immunity grounds.

The hopefully unintended result of the majority holding is that a police officer, in order to be entitled to qualified immunity, must now show that not only were

8

canine warnings given, but that the suspect *heard* the canine announcements from officers. (emphasis added). It is unclear how law enforcement would ever carry this burden in the summary judgment/qualified immunity context absent the suspect admitting that s/he heard the canine warning. As noted in Circuit Judge Grasz's dissent, this is a significant departure from the question the "court should be asking whether it was objectively reasonable for Officer Trimble to believe the suspect would have heard the warnings provided." *Adams*, 2023 WL at *4.

Although this case involved the use of a canine officer, the majority's new subjective standard of whether or not a suspect actually *heard* a K9 warning is likely to have a ripple effect across existing 8th Circuit precedent. For example, this Court has repeatedly held that when feasible, a law enforcement officer should provide a warning to a suspect before deploying deadly force. *See Cole Estate of Richards v. Hutchins*, 959 F.3d 1127, 1133 (8th Cir. 2020). This Court has also, at least in the deadly force context, signaled rejection of an argument that whether or not a suspect heard an officer's warning creates a genuine issue of material fact. *See Malone v. Hinman*, 847 F.3d 949, n.3 (8th Cir. 2017) (Suspect's testimony that he did not hear any warnings fails to present a question of material fact as to whether the giving of the warnings was feasible and if in fact they were given.) (quoting *Ford v. Childers*, 855 F.2d 1271, 1276 (7th Cir. 1988)). As Judge Grasz noted, "[t]his is especially true given the power outage, storm debris, and danger of revealing his location to those

9

he had reason to believe were armed suspects hiding in the dark." *Adams*, 2023 WL at *4. *Cf. Liggins v Cohen*, 971 F.3d 798 (8th Cir. 2020) (finding that a warning by the officer under the unique circumstances and "convergence of facts" facing the officer was not "practical"). However, based on the majority's opinion in this instant case, it is not unreasonable to anticipate that the Court will begin seeing arguments in all "warning" cases that the suspect did not hear the warning given by officers thereby creating a fact question capable of surviving summary judgment.

Whether intentional or not, the majority opinion in this case has introduced a subjective standard for canine warnings that has never been part of existing 8th Circuit precedent. *Kuha's* holding applied an objective standard that put law enforcement on notice that they must generally give a warning and opportunity to a suspect to surrender before utilizing a canine trained to bite and hold. *Kuha's* holding does not clearly establish the legal suppositions upon which the majority's opinion relies. Circuit Judge Grasz eloquently summarizes this point in his dissent:

> However, it is not clearly established that a police officer using a canine must personally deliver the warning or that the officer must be able to verify the warning was in fact heard by the suspect. We have never before held that it is constitutionally *unreasonable* for an officer to rely on canine warnings given by others that would reasonably be heard by suspects. Neither *Kuha*, nor any other precedent placed Officer Trimble on notice of the formulation of Fourth Amendment law utilized by the court today.

*Adams*, 2023 WL at *4. (emphasis original).

10

The majority erred when it determined that *Kuha* sufficiently put Officer Trimble on notice that he must have personally delivered a warning that is heard by the suspect, and that he cannot rely on amplified warnings by other officers in the same search area that would reasonably be heard by the suspect. What the majority describes as "clearly established" are in fact new elements to *Kuha's* holding and even if the majority has determined that new elements should be added, Officer Trimble should have been entitled to qualified immunity based on the law that was clearly established as of August 12, 2020. *See Kuha*, 365 F.3d at 602 (right to verbal warning not clearly established at time of seizure thereby entitling officers to qualified immunity).

Accordingly, on the morning of August 12, 2020, there was no "robust consensus" of cases that placed Officer Trimble on notice that a *personal* canine warning by him was constitutionally required. *See generally D.C. v Wesby*, 583 U.S. ___, 138 S. Ct 577, 590 ("It is not enough that the rule is *suggested* by then-existing precedent. The precedent must be clear enough that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply.")(emphasis added). Otherwise, the rule is not one that "every reasonable official" would know. *See Reichle v Howards*, 566 U.S. 658, 664 (2012). En banc hearing is needed to ensure consistency with prior qualified immunity precedent.

11

## IV. CONCLUSION

For the reasons set forth above, Appellant Nathan Trimble respectfully requests that the Court grant this petition for rehearing en banc. Appellant Trimble further requests that upon rehearing en banc, the full court vacate the panel opinion, reverse the district court, and grant Trimble's Motion for Summary Judgment.

/s/ Wilford H. Stone
WILFORD H. STONE, AT0007699

/s/ Daniel M. Morgan
DANIEL M. MORGAN, AT0013452

**LYNCH DALLAS, P.C.**
526 Second Ave. SE
P.O. Box 2457
Cedar Rapids, IA 52406-2457
Phone: 319.365.9101
Fax: 319.365.9512
E-Mail: wstone@lynchdallas.com
E-Mail: dmorgan@lynchdallas.com

ATTORNEYS FOR APPELLANT

## V.    CERTIFICATE OF COMPLIANCE AND FILING

      I certify that this document complies with type-volume limit of Fed. R. App. P. 35(b)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32, this document contains 2,503 words and is less than 15 pages in length. I certify that this document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using 14 pt. Times New Roman font using Microsoft Word.

      I certify that this brief is submitted in a searchable, digital version (PDF), which has been scanned for viruses and is virus-free.

      /s/ Daniel M. Morgan
      Daniel M. Morgan